UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TIMOTHY ERIC GYSIN ) | |
| and DONNA ELIZABETH GYSIN, ) | |
| ) | |
|     Debtors, ) | |
| _____) | |
| ) | |
| DEBRA L. MILLER, TRUSTEE, ) | CIVIL NO. 3:09cv184 |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   v. ) | |
| ) | |
| LASALLE BANK NATIONAL ) | |
| ASSOCIATION, IN TRUST FOR THE ) | |
| HOLDERS OF MERRILL LYNCH ) | |
| INVESTORS TRUST SERIES 2002-AFCI ) | |
| and SUPERIOR BANK FSB, ) | |
| ) | |
|     Defendants. ) | |

OPINION AND ORDER

This matter is before the court on an appeal from the Bankruptcy Court for the Northern District of Indiana, South Bend Division. The Appellant, LaSalle Bank National Association as Trustee, in Trust for the Holders of Merrill Lynch Investors Trust Series 2002-AFCI ("LaSalle") filed its opening brief on May 11, 2009, to which Debra L. Miller, Trustee ("Trustee"), filed her response brief on May 22, 2009. LaSalle filed its reply brief on June 1, 2009.

For the following reasons, the Decision of the Bankruptcy Court will be reversed.

Discussion

The sole issue on appeal is whether the Bankruptcy Judge, the Honorable Harry C. Dees, Jr., erred in ruling that, under Indiana law, LaSalle's recorded mortgage was ineffective to impart

constructive notice to a purchaser of the Gysins' real estate as of October 18, 2007, and was thus avoidable by the Plaintiff, as bankruptcy trustee, pursuant to 11 U.S.C. § 544(a)(3).

The Bankruptcy Judge decided this case based on the parties' cross motions for summary judgment under Rule 56, Fed. R. Civ. Pro., applicable in this adversary proceeding pursuant to Bankruptcy Rule 7056. On appeal, this Court must review the Bankruptcy Judge's conclusions *de novo*, and apply the standard supplied by Rule 56, determining which of the parties is entitled to judgment as a matter of law, based on the undisputed facts. *See Dick v. Conseco, Inc.,* 458 F.3d 573, 577 (7th Cir. 2006).

The Gysins initiated this Bankruptcy Case by filing a bankruptcy petition on October 18, 2007. On March 11, 2008, the Gysins' Bankruptcy Trustee, Debra L. Miller (the "Trustee" or "Plaintiff"), initiating this Adversary Proceeding by filing her Complaint to Avoid Lien, asserting a claim under 11 U.S.C. § 544 to avoid the lien of the Defendants' mortgage attaching to the Gysins' residence. (Bankruptcy Court's Document 1). LaSalle filed its Answer to the Trustee's Complaint on March 25, 2008. (Document 10). LaSalle filed an Amended Answer to the Trustee's Complaint on March 26, 2008. (Document 14). LaSalle filed a Motion for Summary Judgment as to the claims asserted by the Trustee on August 15, 2008, with a supporting brief. (Documents 30, 31). On August 26, 2008, the Trustee filed a Cross-Motion for Summary Judgment, supported by a Brief in Opposition to LaSalle's Motion for Summary Judgment and in support of the Trustee's Cross-Motion for Summary Judgment. (Documents 32, 33). On September 10, 2008, LaSalle filed a Reply Brief in Support of its Motion for Summary Judgment and in Opposition to the Trustee's Cross-Motion for Summary Judgment. (Document 34).

On March 24, 2009, the Bankruptcy Judge entered his Memorandum of Decision, granting the Trustee's Motion for Summary Judgment and Denying LaSalle's Motion for Summary Judgment. (Document 39). On the same day, the Bankruptcy Judge made a separate entry of judgment, pursuant to Rule 58(a). (Document 40). LaSalle timely filed its Notice of Appeal on March 31, 2009. (Document 45).

The facts leading up to this bankruptcy case are that on or about April 25, 2001, the Gysins executed and delivered to LaSalle's predecessor a mortgage against their home at 258 E. 2nd Street, Peru Indiana, to secure payment of a $49,300 loan. (Plaintiff's Complaint ¶¶ 3, 4; LaSalle's Amended Answer. ¶¶ 3, 4). That mortgage (the "Mortgage") was filed in the office of the Recorder of Miami County, Indiana, on May 1, 2001. (Plaintiff's Complaint ¶ 5, Ex. "A"; LaSalle's Amended Answer. ¶ 5). The notary block following the Gysins' signatures reads:

> Before me, a Notary Public in and for said County and State, this 25th day of April, 2001,_____
> acknowledged the execution of the forgoing mortgage.

(Complaint, Ex. "A"). As shown by the Bankruptcy Court's records, the Gysins filed their voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 18, 2007.

Pursuant to 11 U.S.C. § 544(c), the Trustee seeks to avoid LaSalle's mortgage against the Gysins' real estate, as being improperly recorded. If LaSalle's mortgage is avoided, the value of the real estate will be divided pro rata among the Gysins' unsecured creditors (of which LaSalle would become one). If its mortgage is not avoided, LaSalle will be entitled to the full value of the real estate.

The Trustee's claim is based on the rule that one who purchases real estate for value in good faith, without actual or constructive notice that a third party has rights in the real estate,

3

takes title free and clear of the third party's claims. This rule means that a lender who wants its mortgage to be good against potential future buyers must put them on constructive notice of the mortgage by filing it in the recorder's office.

In this case, it is undisputed that LaSalle filed its mortgage with the Recorder, on May 1, 2001. The Trustee argues, however, that the recording of LaSalle's mortgage does not count because the notary failed to note, on the document, who appeared and acknowledged signing it, as required by Ind. Code §§ 32-21-2-3 and 32-21-2-7. This argument is supported by string of court decisions, including the decisions in *In re Baldin*, 135 B.R. 586 (Bankr. N.D. Ind. 1991) and *In re Stubbs*, 330 B.R. 717 (Bankr. N.D. Ind. 2005), aff'd, 2006 WL 2361814 (N.D. Ind. 2006). The General Assembly, however, abrogated these decisions by amending Ind. Code §32-21-4-1(c), effective July 1, 2007 (the "2007 Amendment"), to read as follows:

> (c) This subsection applies only to a mortgage. If:
>
> > (1) an instrument referred to in subsection (a) is recorded; and
> >
> > (2) the instrument does not comply with the:
> > (A) requirements of:
> > (I) IC 32-21-2-3; or
> > (ii) IC 32-21-2-7; or
> > (B) technical requirements of IC 36-2-11-16(c);
>
> the instrument is validly recorded and provides constructive notice of the contents of the instrument as of the date of filing.

Based on the 2007 Amendment, LaSalle argues that its mortgage is validly recorded (even in the absence of compliance with IC 32-21-2-3 and IC 32-21-2-7), and thus provides constructive notice to the Trustee, defeating this avoidance action.

The crucial question here is whether the 2007 Amendment applies where, as here, the mortgage at issue was recorded before July 1, 2007, but the Trustee's bona fide purchaser rights

first arose after that date. In their briefs to the Bankruptcy Court, the Trustee and LaSalle debated whether applying the 2007 Amendment here violates the rule against applying statutes retroactively. In his Decision, Judge Dees focused on the language of the 2007 Amendment, and ruled that the phrase "is recorded" in subsection (c)(1) means "is recorded in the right location and at the present time -- that is, it is recorded on or after July 1, 2007." (Decision, p. 8). Judge Dees accordingly ruled that the 2007 Amendment does not apply to save LaSalle's mortgage, recorded in 2001.

LaSalle argues that, by judicially adding the qualifier "on or after July 1, 2007" to the language chosen by the legislature, Judge Dees has changed the statute, not interpreted it. LaSalle contends that the rules governing statutory interpretation compel the conclusion that the phrase "is recorded" describes all mortgages that are recorded, that is, on file in the Recorder's office.

This Court must look to the language of the 2007 Amendment, giving the words chosen by the legislature their plain, ordinary meaning, unless those words are ambiguous. *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934 (7th Cir. 2004); *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008); *City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007).

In his Decision, Judge Dees held that the "plain and ordinary meaning" of the phrase "is recorded" is the same as "is recorded after this statute takes effect." (Decision p. 8) LaSalle argues that Judge Dees improperly added to the statute words the legislature chose to leave out. *Town of Schererville v. Vavrus*, 180 Ind. App. 500, 389 N.E.2d 346 (1979). LaSalle claims that if the legislature had wanted to place a time restriction on the phrase "is recorded," it could have done so. In his Decision, Judge Dees reasoned that, "[t]he legislature did not write descriptively

5

that the mortgage 'is a recorded instrument,' but rather wrote the present active verb 'is recorded.'" (Decision p. 8) LaSalle claims that the phrase "is recorded" is more naturally read as the past participle of the verb "to record," functioning as an adjective describing the mortgages affected by the amendment. In this sense, the participial phrase "is recorded" describes the condition or status of the mortgage.

LaSalle continues to argue that given that the General Assembly's goal was to save mortgages with merely "technical" defects, the only reasonable conclusion is that it intended the 2007 Amendment to save all such mortgages, not just those recorded after July 1, 2007. Judge Dee's Decision invokes a competing policy goal, that lenders should not lightly be excused from "the long-standing recording requirements demanding compliance with the formalities of execution before a document is eligible for recordation." (Decision p. 9).

LaSalle further argues that if this Court finds that, read as a whole, the 2007 Amendment is ambiguous, the most persuasive extrinsic clue to its meaning must be the General Assembly's additional amendment to Ind. Code § 32-21-4-1(c), made by the same legislators just one year later. This amendment changed subsection (c), above, by adding "[t]his subsection applies regardless of when a mortgage was recorded." LaSalle takes the position that the most plausible explanation of this amendment is that the General Assembly intended all along for the 2007 amendment to apply to mortgages recorded before 2007, and passed the 2008 act purely to make its intention even more clear, because bankruptcy trustees began arguing that the 2007 Amendment did not apply to older mortgages. In this regard, the Indiana Court of Appeals has recognized that the legislature's amendment to a law may reflect an intention to clarify the prior law, not change it. E.g., *Martin v. State*, 774 N.E.2d 43 (Ind. 2002)(statute defining computation

6

of "time served" was meant to clarify, not change sentencing law, and thus applied to defendant whose crime and conviction occurred before amendment); *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind. Ct. App.1995)(holding that 1995 statute adding definition of term "episode" was meant to clarify, not change prior law using the word); *Olaqunji v. State*, 788 N.E.2d 1268 (Ind. Ct. App. 2003)(amendment adding new subsection to habitual offender statute intended to clarify prior law, not change it).

An alternative explanation of the two amendments is that (1) the 2007 legislature wanted to save only new defective mortgages, not old ones, but neglected to make that clear in the 2007 Amendment, and then (2) the 2008 legislature (comprised of the same members) inexplicably changed its collective mind and decided to protect all mortgages, adding language to Ind. Code § 32-21-4-1(c) saying the opposite of what they meant just one year before. LaSalle argues that the alternative explanation is completely implausible.

As the Bankruptcy Court acknowledged, both amendments were intended to overrule the holding in *Stubbs* and stop bankruptcy trustees from avoiding recorded mortgages based on inconsequential, technical defects. Thus, LaSalle strongly argues that, consistent with that legislative intent, and absent any language in the 2007 Amendment to the contrary, this Court must rule that the 2007 Amendment applies to save any mortgage that "is recorded," including the mortgage the Gysins gave to LaSalle in 2001.

Judge Dees notes that, "In Indiana, the general rule is that unless there are strong and compelling reasons, statutes will not be applied retroactively. *In re Estate of Powers*, 849 N.E.2d 1212, 1217 (Ind.App. 2006)". He goes on to find that there are no strong and compelling reasons to give the 2007 Amendment a retroactive application, and that nothing in the 2007 Amendment

7

suggests that the change was intended to apply retroactively. Finally, he finds that LaSalle has not proven that the Legislature unambiguously and unequivocally intended for the 2007 Amendment to be applied retroactively

Clearly, read in isolation, the phrase "is recorded" in the 2007 Amendment is ambiguous. However, the law is clear that phrases in statutes should not be read in isolation. *See United States v. Balint,* 201 F.3d 928, 932 (7th Cir. 2000)("our interpretation is guided not just by a single sentence or sentence fragment, but by the language of the whole law, and its object and policy"). Reading the 2007 Amendment as a whole, it is noted that it later uses the phrase "is validly recorded," clearly in the past participle, history book sense. To be consistent, the disputed phrase "is recorded" earlier in the amendment must be construed in the same way, to refer historically to any mortgage that is recorded, including LaSalle's mortgage recorded in 2001.

To the extent that the statute is ambiguous as to whether it applies to prior mortgages the Court must determine whether the ambiguity can be resolved by the usual rules of statutory construction. *See Fernandez-Vargas v. Gonzales*, 126 S. Ct. at 2428. The goal of those rules is to help the Court discern what the legislature intended. *Vinson v. Casino Queen, Inc*., 123 F.3d 655, 657 (7th Cir.1997); *Town of Clear Lake Bd. of Zoning Appeals*, 873 N.E.2d 61, 66 (Ind. Ct. App. 2007). In this case, the Bankruptcy Judge and the parties agree that the legislature intended the 2007 Amendment to overrule decisions such as *In re Stubbs*, 330 B.R. 717 (Bankr. N.D. Ind. 2005), aff'd, 2006 WL 2361814 (N.D. Ind. 2006)., permitting bankruptcy trustees to avoid mortgages with technical defects. (Decision at 6).

LaSalle argues that the most persuasive extrinsic clue to the meaning of the 2007

Amendment must be the additional amendment to the same statute, by the same legislators, just one year later in 2008. As noted above, this 2008 Amendment changed subsection (c) by adding "[t]his subsection applies regardless of when a mortgage was recorded." This Court agrees with LaSalle that this amendment strongly suggests that the General Assembly intended all along for the 2007 Amendment to apply to mortgages recorded before 2007, and passed the 2008 Amendment purely to make its intention even more clear because bankruptcy trustees argued that (contrary to what the legislature intended) the 2007 Amendment did not apply to older mortgages.

Although the Trustee argues that under Indiana law, the 2008 Amendment should be construed as showing a legislative intent to change the law, not clarify it, this rule is not ironclad. As LaSalle has noted, there are multiple cases in which statutory amendments were construed to clarify, not change prior law, even without any clear statement of that intent in the new statute. *Martin v. State*, 774 N.E.2d 43 (Ind. 2002); *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind. Ct. App. 1995); *Olaqunji v. State*, 788 N.E.2d 1268 (Ind. Ct. App. 2003).

Notably, the United States Supreme Court has held that, if a statute's application to past events is ambiguous, the Court must nevertheless apply it to such past events if, by applying the "normal rules of construction," the Court determines that the legislature intended such application. *Fernandez-Vargas.* 548 U.S. at 40, 126 S. Ct. at 2430. Indiana Courts have followed this approach. *E.g.*, *Bourbon Mini-Mart, Inc. v. Gast Fuel & Services, Inc.,* 783 N.E.2d 253 (Ind. 2003); *Hurst v. State*, 890 N.E.2d 88 (Ind. Ct. App. 2008).

In the present case, the Bankruptcy Judge apparently believed that, if he found the 2007 Amendment to be ambiguous, he was not allowed to apply the "normal rules of construction,"

9

and was required to presume the legislature did not intend the amendment to apply to LaSalle's mortgage. As the Supreme Court explained in *Fernandez-Vargas*, however, this approach "put[s] the cart before the horse." 548 U.S. at 40, 126 S. Ct. at 2430. The rules governing retroactive application are meant to help the Court discern the legislature's intention, not to make the Court turn a blind eye to extrinsic evidence of the legislature's intention. Clearly, The Bankruptcy Court erred in resorting to the presumption against retroactivity without considering such evidence.

Accordingly, as the evidence of legislative intent clearly shows that the legislature intended the 2007 Amendment to be retroactive, the Decision of the Bankruptcy Court will be reversed.

## Conclusion

Based on the foregoing, the Decision of the Bankruptcy Court is hereby REVERSED.
Entered: July 14, 2009.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court